United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 30, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

Summary Calendar
No. 06-30404

IN THE MATTER OF: PETER BRUCE SCHUMACHER,

Debtor.

FIRST NATIONAL BANK,

Appellant,

versus

COMMUNITY TRUST BANK,

Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
(3:05-CV-1610)

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

First National Bank ("FNB") appeals a district court decision affirming the bankruptcy court.

The district court ruling held that the bankruptcy court did not err by nullifying its previous order and

by ruling that Community Trust Bank's ("CTB") claims were not time-barred. For the same reasons

given by the district court, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal involves two banks, CTB and FNB, that have mortgages for the same piece of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

property owned by a debtor in bankruptcy. CTB has the first mortgage, which covers eighteen acres of land. Later, FNB approved a mortgage on twenty-six acres, which included all the land in CTB's first mortgage. When the debtor filed for bankruptcy in 2002, neither the banks nor the trustee of the bankruptcy estate knew that the mortgages covered the same land. In January of 2003, unaware that another party had a superior claim, FNB had the trustee remove the property from the bankruptcy estate, settling its claims. In June of 2003, CTB got bankruptcy court approval to buy the land it had mortgaged, which allowed it to settle its claims against the estate as well. Once all claims were settled, the debtor's bankruptcy filing was closed in 2003.

In 2004, the trustee discovered that the land purportedly sold to CTB had been previously abandoned from the bankruptcy estate. The bankruptcy court reopened the estate and eventually vacated its order authorizing the CTB settlement, holding that since the property had been removed from the bankrupt estate in January of 2003, it had no jurisdiction in June of 2003 to authorize its sale.

Before the bankruptcy court vacated its order, FNB attempted several procedural maneuvers, including filing a motion to withdraw the reference (removal from bankruptcy to district court), as well as filing multiple claims in Louisiana state court seeking to take possession of the land and cancel CTB's mortgage. The state court action has been stayed in light of this appeal.

## II. STANDARD OF REVIEW

"We review the decision of a district court, sitting as an appellate court, by applying the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied to the district court." *U.S. Dept. of Educ. v. Gerhardt* (*In re Gerhardt*), 348 F.3d 89, 91 (5th Cir. 2003) (*citing Total Minatome Corp. v. Jack/Wade Drilling, Inc.* (*In re Jack/Wade Drilling, Inc.*)), 258 F.3d

2

385, 387 (5th Cir. 2001)). Findings of fact are reviewed for clear error; conclusions of law, de novo. *Id.*

## III. DISCUSSION

For the reasons given by the district court, we affirm. There was no error in the bankruptcy court's August 16, 2005 decision vacating the June 6, 2003 Order. Because the property was no longer a part of the bankruptcy estate in June of 2003, the bankruptcy court had no subject matter jurisdiction to approve the settlement agreement between CTB and debtor, an agreement which involved the property. Although they argue otherwise, FNB had an opportunity to respond and did respond to CTB's September 2004 complaint by its October 2004 "Combined Motion to Withdraw the Reference and, in any Event, to Dismiss."

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

AFFIRMED.